22652. EDENFIELD et al. v. HAZARD.

ARGUED SEPTEMBER 16, 1964—DECIDED OCTOBER 13, 1964—
REHEARING DENIED NOVEMBER 5, 1964.

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller, Hugh Connolly,* for plaintiffs in error.

*G. G. Dickenson,* contra.

ALMAND, Justice. The exception here is to an order overruling a general demurrer to a petition seeking an injunction.

F. Arthur Hazard, alleging himself to be a citizen and taxpayer of the City of Augusta, brought his petition against Richard J. Edenfield as Building Inspector of the City Council of Augusta and the City of Augusta. He alleged that: a part of the duties of Edenfield as Building Inspector "is to approve or disapprove building plans or specifications which are submitted to the building inspector's office with the application for a building permit, and these building plans must be approved by him before

a building permit is issued to the builder or building contractor, and that in the performance of the duties as acting building inspector for the City Council of Augusta, he is acting as agent and employee of the City Council of Augusta"; he brought the petition under the provisions of *Code Ann. Ch.* 84-3, and more specifically under the provisions of *Code Ann.* § 84-9903 which provides: "Upon application of any officer or citizen of this State complaining that the provisions of Chapter 84-3 have been violated by any person, and upon proof of such violation, the superior courts of the State of Georgia are hereby authorized to and shall enjoin the further violations of said Chapter 84-3"; that under the provisions of Chapter 84-3 the defendant building inspector was required to enforce the provisions of said chapter which provided that plans and specifications of certain types of buildings be prepared and signed by an architect or engineer who was licensed and registered as such under this chapter; that the defendant had on several enumerated occasions issued building permits for construction in the City of Augusta without the plans and specifications being signed by a registered architect or engineer. The prayers were that the defendant Edenfield, as building inspector, be enjoined from approving plans for buildings in the City of Augusta unless the plans are signed by an architect or come under the provisions of said law which except the plans from this requirement or by a registered professional engineer.

Chapter 84-3 of the Code of 1933, as amended, has for its sole purpose (a) defining the practice of architecture, (b) the qualifications to practice architecture, (c) examination, licensing and registration of architects and (d) regulations in the practice of the professions. Though *Code Ann.* § 84-301 requires that all drawings and specifications prepared for certain classes of buildings and structures, or alterations thereof, shall be signed by the architect responsible for their production, there is nothing in this chapter that imposes any duty upon building inspectors of municipalities as to granting or refusing building permits when the drawings or specifications do or do not bear the signature of a registered architect. There are no allegations in the petition that the defendant as Building Inspector of the City of

Augusta is required by general or local law to refuse to issue a building permit where the drawings and specifications of buildings and structures of the type described in Ch. 84-3 are not signed by a registered architect. The provisions of *Code Ann.* § 84-9903 that an officer or citizen may apply for an injunction against any person violating the provisions of Ch. 84-3 applies only to the enumerated class of persons coming within the provisions of the chapter. There is nothing in the chapter that pertains to the duties or conduct of municipal building inspectors.

The petition fails to show any ground for injunctive relief and the court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur.*